ANDREW M. ZACKS (CA# 147794)
PAUL F. UTRECHT (CA# 118658)
JAMES B. KRAUS (CA# 184118)
ZACKS & UTRECHT, P.C.
235 Montgomery Street, Suite 400
San Francisco, CA 94104
(415) 956-8100

Attorneys for Petitioners and Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHEN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| 1488 BAYSHORE, LLC; 1720 BAYSHORE, LLC; 1838 BAYSHORE, LLC; 1842 BAYSHORE, LLC; 1846 BAYSHORE, LLC; 1837 CLARKE, LLC; 1851 CLARKE, LLC; 1916 CAPITAL, LLC; 1920 CAPITOL, LLC; 1934 CAPITOL, LLC; 1943 CAPITOL, LLC; 1920/1928 COOLEY, LLC; 1941 COOLEY, LLC; 1949 COOLEY, LLC; 1957 COOLEY, LLC; 438 DONOHOE, LLC; 1920 EUCLID, LLC; 1962 EUCLID, LLC; 2021 EUCLID, LLC; 2025 EUCLID, LLC;  2031 EUCLID, LLC; 2054 EUCLID, LLC; 2061 EUCLID, LLC; 1901 MANHATTAN, LLC; 1919 MANHATTAN, LLC; 1955 MANHATTAN, LLC; 1965 MANHATTAN, LLC; 1991 MANHATTAN, LLC; 2033 MANHATTAN, LLC; 1 NEWELL, LLC; 5 NEWELL, LLC; 15 NEWELL, LLC; 25 NEWELL, LLC; 30 NEWELL, LLC; 35 NEWELL, LLC; 40 NEWELL, LLC; 2012/501 OCONNER, LLC; 201 OKEEFE, LLC; 685 SCOFIELD, LLC; 1609 WOODLAND, LLC; 1721 WOODLAND, LLC; 1779 WOODLAND, LLC; 320 OKEEFE, LLC; 340 OKEEFE, LLC; TINNEY INVESTMENTS, LLC; AND TINNEY HOLDINGS, LLC,<br><br>   Petitioners and Plaintiffs,<br><br> v.<br><br>CITY OF EAST PALO ALTO, CITY OF EAST PALO ALTO RENT STABILIZATION BOARD,<br><br>   Respondents and Defendants. | Case No.: C 09-02017 TEH<br><br>PETITIONERS'/PLAINTIFFS' MOTION FOR LEAVE TO AMEND TO DELETE FEDERAL CLAIMS AND FOR ORDER REMANDING CASE TO STATE COURT<br><br>FRCP 15(a)(2), and 28 U.S.C. §§ 1367, 1447(c)<br><br>Date: June 29, 2009<br>Time: 10:00 a.m.<br>Judge: Hon. Thelton E. Henderson<br>Room: Courtroom 12, 19th Floor, 450 Golden Gate Ave. |

## TABLE OF CONTENTS

NOTICE OF MOTION ........................................................................................................ 1

RELIEF SOUGHT .............................................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................... 2

   I.    INTRODUCTION ................................................................................................ 2

   II.   ARGUMENT ........................................................................................................ 3

      A.  The Court Should Grant Leave To Amend To Delete The Federal Claims ......... 3

      B.  This Court Has Discretion To Remand To State Court When The Federal Claims Have Been Deleted .................................................................................. 3

      C.  The Ninth Circuit has held that Remand is Usually Required Once The Federal Claims Are Dismissed .......................................................................................... 3

   III.  CONCLUSION .................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

    Federal

*Acri v. Varian Associates, Inc.*, 114 F.3d 999 (9th Cir. 1997) .................................... 3, 4

*Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487 (9th Cir. 1995) ......................................... 5

*Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) ................................................................................................................ 3

*Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 826 (9th Cir. 2003) ................................................................................................................ 4

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). ............... 3

*Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir.1984) 3

*Millar v. Bay Area Rapid Transit Dist.*, 236 F.Supp.2d 1110 (N.D. Cal. 2002) ........... 3, 4

*United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ............................................ 3

*Young v. New York City Transit Authority*, 903 F.2d 146, 164 (2nd Cir. 1990) ............... 4

    State

*Californians for Native Salmon etc. Assn. v. Department of Forestry*, 221 Cal.App.3d 1419, 1423-1424 (Cal.App. 1 Dist.,1990). ............................................................. 2

*Dunn v. County of Santa Barbara*, 135 Cal.App.4th 1281, 1293 (Cal.App. 2 Dist.,2006) 5

**Statutes**

Cal. Code of Civil Procedure § 1005(b) ........................................................................ 5

FRCP 15(a)(2) .............................................................................................................. 3

**Other Authorities**

*Cal. Civil Writ Practice* (CEB. 2007) § 6.34 ................................................................. 2

ZACKS & UTRECHT, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

NOTICE OF MOTION

TO EACH PARTY: please take notice that at 10:00 a.m. on Monday, June 22, 2009, in Courtroom 12, 19th Floor, 450 Golden Gate Ave., San Francisco, the Hon. Thelton E. Henderson, presiding, Petitioners and Plaintiffs 1488 Bayshore, LLC; 1720 Bayshore, LLC; 1838 Bayshore, LLC; 1842 Bayshore, LLC; 1846 Bayshore, LLC; 1837 Clarke, LLC; 1851 Clarke, LLC; 1916 Capital, LLC; 1920 Capitol, LLC; 1934 Capitol, LLC; 1943 Capitol, LLC; 1920/1928 Cooley, LLC; 1941 Cooley, LLC; 1949 Cooley, LLC; 1957 Cooley, LLC; 438 Donohoe, LLC; 1920 Euclid, LLC; 1962 Euclid, LLC; 2021 Euclid, LLC; 2025 Euclid, LLC; 2031 Euclid, LLC; 2054 Euclid, LLC; 2061 Euclid, LLC; 1901 Manhattan, LLC; 1919 Manhattan, LLC; 1955 Manhattan, LLC; 1965 Manhattan, LLC; 1991 Manhattan, LLC; 2033 Manhattan, LLC; 1 Newell, LLC; 5 Newell, LLC; 15 Newell, LLC; 25 Newell, LLC; 30 Newell, LLC; 35 Newell, LLC; 40 Newell, LLC; 2012/501 Oconner, LLC; 201 Okeefe, LLC; 685 Scofield, LLC; 1609 Woodland, LLC; 1721 Woodland, LLC; 1779 Woodland, LLC; 320 Okeefe, LLC; 340 Okeefe, LLC; Tinney Investments, LLC; and Tinney Holdings, LLC ("Housing Providers"), will move this Court for an order allowing them to amend their complaint to delete the two federal claims for violation of due process and then to remand to state court for lack of subject matter jurisdiction. The motion is made pursuant to FRCP 15(a)(2), and 28 U.S.C. §§ 1367, 1447(c)

RELIEF SOUGHT

Housing Providers primarily sought relief via state administrative and traditional mandamus, and state declaratory relief related thereto. Secondarily, Housing Providers raised state and federal constitutional claims. Respondents/Defendants removed to federal court. Housing Providers seek an order allowing them to delete their federal claims so that the remaining state claims may be tried by the state courts following remand. Respondents-Defendants have indicated in correspondence that they do not oppose amending to delete the federal claims but do oppose remand as long as the state constitutional claims remain. A copy of the proposed amended complaint is attached to the Declaration of Andrew M. Zacks in Support of Motion to Amend and Remand ("Zacks dec."), ¶ 2; Exh. A.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   INTRODUCTION

Housing Providers filed a petition for writ of mandate in the San Mateo Superior Court.  The petition sought judicial review of Rent Stabilization Board denials of appeals of administrative staff orders denying Housing Providers' applications for exemption from certain local rent control requirements.  Housing Providers combined the petition with a complaint seeking declaratory relief regarding the same applications and alleging that the denials violated their state and federal constitutional rights.  The primary relief sought by Housing Providers was review of the administrative decisions, but as is frequently done in mandate petitions, causes of action for declaratory relief, etc. were added to insure that the trial court had the ability to decide as many issues as possible to give guidance to the administrative agency.  *Cal. Civil Writ Practice* (CEB. 2007) § 6.34; *Californians for Native Salmon etc. Assn. v. Department of Forestry*, 221 Cal.App.3d 1419, 1423-1424 (Cal.App. 1 Dist.,1990).  That minimizes and may even avoid the need for future judicial proceedings.  Housing Providers also sought damages from the wrongful conduct to the extent that it violated the California and/or federal constitutions.

Defendants removed the case to federal court based on the two federal claims (substantive and procedural due process).  The primary allegations in the complaint are that the local rent control board, responsible for implementing exemptions, including the substantial rehabilitation exemption at issue here, applied impermissible criteria, improperly interpreted rules and requirements, and wrongfully denied the exemptions to the Housing Providers. *Complaint* at ¶¶ 11-17, 29-31, 45-53, 56-59, 73-82.  However, the main dispute, over a local rent control exemption and related administrative proceedings, does not belong in federal court. Housing Providers now seek to dismiss the two federal constitutional claims and remand this case to state court, which is better suited to resolve the mandamus petitions.  Housing Providers do not contend that removal was improper, but do contend that ancillary federal claims that have been withdrawn should not determine the forum in which this case is litigated.  Now that

ZACKS & UTRECHT, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

Housing Providers seek to remove any assertions of federal claims, this case should be remanded to the proper forum – the San Mateo County Superior Court.

II. ARGUMENT

    A. The Court Should Grant Leave To Amend To Delete The Federal Claims

The federal rules provide that leave to amend should be freely given "when justice so requires." FRCP 15(a)(2). The policy is applied with extreme liberality. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). None of the four factors favoring denial: bad faith, undue delay, prejudice to the opposing party, and futility of amendment, are present. *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir.1984). Given that amendment actually benefits Defendants and reduces the burden on the Court, Housing Providers should be given leave to amend to delete the claims.

    B. This Court Has Discretion To Remand To State Court When The Federal Claims Have Been Deleted

Under *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." The Court has ruled that federal courts have discretion to remand complaints to state court where federal claims are dismissed after removal. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

    C. The Ninth Circuit has held that Remand is Usually Required Once The Federal Claims Are Dismissed

In *Acri v. Varian Associates, Inc.*, 114 F.3d 999 (9th Cir. 1997), the Ninth Circuit held that "'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Id.*, quoting *Carnegie-Mellon*, 484 U.S. at 350 n. 7, 108 S.Ct. at 619 n. 7, 98 L.Ed.2d at 730 n. 7. *Acri* considered certain factors in the decision: judicial economy, convenience, fairness, and comity. *Acri*, supra, 114 F.3d at 1001. *Millar v. Bay Area Rapid Transit Dist.*, 236 F.Supp.2d 1110 (N.D. Cal. 2002), involved claims against San Francisco Bay

Area Rapid Transit ("BART") by an employee. *Millar*, supra, 236 F.Supp.2d at 1112. Millar initially brought state law claims for age and disability discrimination, later amending to add Americans with Disabilities Act and Age Discrimination in Employment Act claims. *Millar*, supra, 236 F.Supp.2d at 1112. The district court applied *Acri* and its factors, and concluded that remand was appropriate. *Millar*, supra, 236 F.Supp.2d at 1119-1120. These factors similarly favor remand here.

First, as for judicial economy, this case was only removed on the final day to respond under state law. Nothing has happened other than Defendants filing an answer after remand. Judicial economy thus favors remand. *See Millar*, supra, 236 F.Supp.2d at 1119 (court's involvement limited to two case management conferences and a pre-trial order).

Second, comity favors remand. Indeed, in *Millar*, plaintiff was left with a state FEHA claim which, although "informed by principles of federal ADA jurisprudence", still did not tip the comity factor in favor of retaining the claim in federal court. *Id*. at 1119. Even relevant here, it is well-established that the federal courts were not created to be the "Grand Mufti" of local zoning boards. *E.g. Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 826 (9th Cir. 2003). Similarly, this dispute over the form, content, and particular application of an East Palo Alto, CA, rent control ordinance and related regulation should not be heard in federal court. The Housing Providers and other entities affiliated with them have been involved in litigation with East Palo Alto and its Rent Stabilization Board for several years. (Zacks dec., ¶ 3) Not only is the San Mateo Superior Court more familiar with the governing law and applicable local regulations, but this Court should not "depriv[e] state courts of opportunities to develop and apply state law." *Young v. New York City Transit Authority*, 903 F.2d 146, 164 (2nd Cir. 1990).

Third, convenience and fairness favor remand because the Defendants are local government bodies in the county in which the state court is located. Indeed, the state court is quite familiar with the Defendants and the local rent control ordinance, as Defendants have been in involved in several lawsuits with Plaintiffs, or other persons affiliated with Plaintiffs, in the past several years, all of which have been litigated in San Mateo Superior Court. (*Zacks dec*., ¶

4

3) More importantly, "[i]f a petition for a writ of mandate ... presents no triable issue of fact or is based solely on an administrative record, the matter may be determined by the court by noticed motion of any party for a judgment on the peremptory writ." *Dunn v. County of Santa Barbara*, 135 Cal.App.4th 1281, 1293 (Cal.App. 2 Dist.,2006, quoting Cal. Code of Civil Procedure § 1094. If personally served, motions can be set on 16 court days notice. Cal. Code of Civil Procedure § 1005(b).

In *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487 (9th Cir. 1995), this circuit reviewed a decision by the District Court to grant remand in similar circumstances but awarding attorney's fees to defendant. In discussing, and reversing, the district court's decision, the Ninth Circuit stated:

> The district court reasoned that plaintiffs had been "manipulative" because: "If plaintiffs wished to avoid federal court, they should have dropped their federal claims before ever filing a complaint." We disagree. Filing federal claims in state court is a legitimate tactical decision by the plaintiff: it is an offer to the defendant to litigate the federal claims in state court. The defendant is not obligated to remove; rather, he has the choice either to submit to state court resolution of his claims, or to assert his right to a federal forum. If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum. Plaintiffs in this case chose the state forum. They dismissed their federal claims and moved for remand with all due speed after removal. There was nothing manipulative about that straight-forward tactical decision, and there would be little to be gained in judicial economy by forcing plaintiffs to abandon their federal causes of action before filing in state court. *Baddie*, supra, 64 F.3d at 491.

III. <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant Housing Providers' motion to amend and then allow it to remand the case to state court.

Date: May 18, 2009                    ZACKS & UTRECHT, P.C.

                                       _____/s/ Andrew M. Zacks_____
                                       By:   Andrew M. Zacks
                                       Attorneys for Housing Providers

5

MOTION FOR LEAVE TO AMEND
CASE NO.: C 09-02017 TEH