IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

1488 BAYSHORE, LLC, et al.,

             Plaintiffs,

     v.

CITY OF EAST PALO ALTO, et al.,

             Defendants.

NO. C09-2017 TEH

<u>ORDER GRANTING
PLAINTIFFS' MOTION FOR
LEAVE TO AMEND AND
MOTION TO REMAND</u>

This matter comes before the Court on Plaintiffs' motion for leave to amend their complaint to delete their federal claims and on Plaintiffs' motion for an order remanding this case to the state court from which Defendants removed.[1]  After carefully reviewing the parties' written arguments and relevant law, the Court finds oral argument to be unnecessary and hereby VACATES the June 29, 2009 motion hearing date.  For the reasons discussed below, the Court GRANTS both Plaintiffs' motion for leave to amend and their motion to remand.

First, Defendants do not oppose Plaintiffs' motion for leave to amend, and the Court finds good cause to grant such leave under the liberal amendment rules of Federal Rule of Civil Procedure 15.  Accordingly, Plaintiffs' motion for leave to amend their complaint to delete their federal claims is GRANTED.  Plaintiffs shall file their amended complaint no later than **June 24, 2009.**

Plaintiffs' amended complaint contains only claims brought under state law, and Plaintiffs therefore seek an order remanding the case to state court.  The parties do not dispute that this Court has discretion to retain jurisdiction, but "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under

---

[1]Plaintiffs do not contest the propriety of removal of their original complaint, which contained federal constitutional claims.

United States District Court

For the Northern District of California

1  the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity –

2  will point toward declining to exercise jurisdiction over the remaining state-law claims."

3  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).  This is just such a "usual

4  case."  The Court has expended no resources on this case except for evaluating the instant

5  motions, which Plaintiffs promptly filed two weeks after Defendants' removal, and judicial

6  economy therefore favors remand.  Comity also favors remand, as Plaintiffs' complaint seeks

7  adjudication of several claims arising under state law.  Convenience and fairness are neutral

8  factors, as neither this Court nor the Superior Court for the County of San Mateo are

9  significantly more or less convenient for the parties, and the parties present no reason why

10  either forum would be more or less fair.

11       Defendants argue that Plaintiffs' remand motion should be denied because Plaintiffs'

12  amended complaint is a clear attempt to avoid federal jurisdiction.  This is, of course, correct:

13  Plaintiffs seek remand because they would prefer to adjudicate their claims in state court, just

14  as Defendants originally removed the case because they preferred a federal forum.  However,

15  contrary to Defendants' assertions, this does not indicate bad faith or an improper attempt to

16  manipulate the legal system.  As the Ninth Circuit explained in a case reviewing a district

17  court's grant of attorneys' fees following remand:

18       A plaintiff is entitled to file both state and federal causes of
         action in state court.  The defendant is entitled to remove.  The
19       plaintiff is entitled to settle certain claims or dismiss them with
         leave of the court.  The district court has discretion to grant or
20       deny remand.  Those are the pieces that comprise plaintiffs'
         allegedly manipulative pleading practices.  We are not convinced
21       that such practices were anything to be discouraged. [FN3]

22            [FN3.  Naturally, if plaintiffs' initial inclusion of
              the union defendants and federal claims was in bad
23            faith or for the sole purpose of putting defendants
              through the removal-remand procedure, the state
24            court should sanction plaintiffs on remand.  Also, if
              the action had progressed so far in federal court
25            before the federal claims were dismissed that
              remand would have been unfair to defendants,
26            thedistrict court had discretion to deny remand and
              hear the case under its pendent jurisdiction.  In this
27            case, however, the federal claims were dismissed so

28

United States District Court
For the Northern District of California

1   promptly that defendants suffered no prejudice
    from removal, other than the self-imposed expense
2   of opposing remand.]

3   . . . . Filing federal claims in state court is a legitimate tactical
    decision by the plaintiff: it is an offer to the defendant to litigate
4   the federal claims in state court. The defendant is not obligated
    to remove; rather, he has the choice either to submit to state court
5   resolution of his claims, or to assert his right to a federal forum. If
    the defendant rejects the plaintiff's offer to litigate in state court
6   and removes the action, the plaintiff must then choose between
    federal claims and a state forum. Plaintiffs in this case chose the
7   state forum. They dismissed their federal claims and moved for
    remand with all due speed after removal. There was nothing
8   manipulative about that straight-forward tactical decision. . . .

9   *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995). This Court similarly finds

10  that Plaintiffs here have not engaged in any improper or manipulative behavior. Defendants

11  rely on *Espinoza v. Fry's Food Stores of Arizona, Inc.*, 806 F. Supp. 855 (D. Ariz. 1990), to

12  support their argument that Plaintiffs' actions in this case are so manipulative as to make

13  remand improper, but the Court finds *Espinoza* unpersuasive given the Ninth Circuit's

14  subsequent decision in *Baddie*.

15      In addition, contrary to Defendants' assertions, Plaintiffs are not attempting to

16  maintain claims that arise under federal law. Defendants argue that Plaintiffs continue to

17  assert state constitutional claims, and that such claims are nearly identical to the analogous

18  claims under the federal constitution. However, as Plaintiffs correctly observe, a state

19  constitutional claim is not converted to a federal claim simply because a state court might be

20  informed by federal law in interpreting the contours of the state constitution. In that instance,

21  the state and federal claims might be nearly identical, but they nonetheless remain separate

22  claims. Plaintiffs have chosen to abandon their federal constitutional claims and pursue only

23  their state constitutional claims. Defendants have made no showing, or even argument, that

24  they will be prejudiced if a state court were to evaluate federal law in interpreting the

25  California state constitution, nor could they; California courts routinely do so, as the cases

26  cited by Defendants in their opposition indicate.

27      Based on all of the above, the Court finds no reason to exercise pendent jurisdiction

28  over Plaintiffs' amended complaint, which contains only state law claims. Accordingly,

*United States District Court*
For the Northern District of California

3

1    Plaintiffs' motion to remand is GRANTED.  As soon as Plaintiffs file their amended

2    complaint, this case shall be remanded to the Superior Court for the County of San Mateo,

3    and the Clerk shall close the file.

4

5    **IT IS SO ORDERED.**

6

7    Dated:   06/19/09

8                                              THELTON E. HENDERSON, JUDGE
                                               UNITED STATES DISTRICT COURT

9

10

**United States District Court**
For the Northern District of California

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4